1  DAYLE ELIESON
   United States Attorney
2  DANIEL D. HOLLINGSWORTH
   Assistant United States Attorney
3  Nevada State Bar No. 1925
   501 Las Vegas Boulevard South, Suite 1100
4  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
5  Facsimile: (702) 388-6787
   Daniel.Hollingsworth@usdoj.gov
6  Counsel for the United States

7
8
9               UNITED STATES DISTRICT COURT
10                    DISTRICT OF NEVADA

11  UNITED STATES OF AMERICA,        )  2:15-CR-203-RFB
                                     )  2:15-CR-204-APG-(GWF)
12              Plaintiff,           )
                                     )
13        v.                         )  Stipulation for Entry of Order of Forfeiture
                                     )  as to Richard Bari Sklar and Order
14  ALAN DEMOS and                   )
    RALPH RUDD,                      )
15                                   )
                Defendants.          )
16  _____)

17      The United States of America and Richard Bari Sklar, and his counsel, James D.
18  Henderson, Jr., agree as follows:
19      1. The government filed a One-Count Criminal Information against Alan Demos
20  (Demos) for violations of Title 18, United States Code, Section 1084. Demos Criminal
21  Information, ECF No. 4.
22      2. The government filed a One-Count Criminal Information against Ralph Rudd (Rudd)
23  for violations of Title 18, United States Code, Section 1084. Rudd Criminal Information, ECF
24  No. 4.
25      3. Demos pled guilty to Count One of a One-Count Criminal Information charging him
26  with Transmission of Gambling Information in violation of Title 18, United States Code, Section

1084, and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Demos Criminal Information, ECF No. 4; Demos Plea Agreement, ECF No. 6; Demos Arraignment and Plea, ECF No. 9.

4. Rudd pled guilty to Count One of a One-Count Criminal Information charging him with Transmission of Gambling Information in violation of Title 18, United States Code, Section 1084, and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Rudd Criminal Information, ECF No. 4; Rudd Arraignment and Plea, ECF No. 11; Rudd Plea Agreement, ECF No. 6.

5. Richard Bari Sklar as a third-party petitioner knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

1. $99,097 in United States Currency;
2. $15,010 in United States Currency;
3. $62,213 in United States Currency;
4. a Western Union $600 money order with blank payee field, number xx-xxxxx0842;
5. a Western Union $110 money order with blank payee field, number xx-xxxxx0843;
6. a Western Union $170 money order with blank payee field, number xx-xxxxx6356;
7. $11,952.75 in United States Currency;
8. $17,304 in United States Currency;
9. $1,475 in United States Currency;
10. $109,900 in United States Currency; and
11. Various jewelry including four (4) white colored stone rings, one (1) white colored bracelet with white stones, one (1) yellow colored bracelet, one (1)

yellow colored watch with white stones, four (4) yellow colored rings, three (3) yellow colored pendants, one (1) purple colored stone ring, one (1) green stone ring, one (1) yellow ring with white stone, one (1) green colored pendant, one (1) yellow colored coin, one (1) brown colored pendant, two (2) white colored coins, two (2) yellow colored necklaces, and two (2) yellow pendants with white stones (all of which constitutes property).

6. Richard Bari Sklar knowingly and voluntarily agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of the property.

7. Richard Bari Sklar knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

8. Richard Bari Sklar knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

9. Richard Bari Sklar knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

10. Richard Bari Sklar knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

11. Richard Bari Sklar knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the property.

12. Richard Bari Sklar knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

/ / /

/ / /

13. Richard Bari Sklar knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

14. Richard Bari Sklar knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property.

15. Richard Bari Sklar knowingly and voluntarily agrees to waive his right to a court hearing on the forfeiture of the property.

16. Richard Bari Sklar knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution.

17. Richard Bari Sklar knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

18. Richard Bari Sklar knowingly and voluntarily waives the right to appeal any Order of Forfeiture.

19. Richard Bari Sklar knowingly and voluntarily agrees the property is forfeited to the United States.

20. Richard Bari Sklar understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

21. Richard Bari Sklar knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Richard Bari Sklar and Order (Stipulation).

///

22. Richard Bari Sklar knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

23. Richard Bari Sklar knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Richard Bari Sklar now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

24. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

25. The Stipulation contains the entire agreement between the parties.

26. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

27. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

28. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or

arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

29. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

30. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 1/26/18

The Law Offices of James D. Henderson, Sr.

JAMES D. HENDERSON, SR.
Counsel for Richard Bari Sklar

DATED: 1/26/18

RICHARD BARI SKLAR

DATED: _____

DAYLE ELIESON
United States Attorney

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE
Dated: April 19, 2018.

6

arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

29. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

30. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

The Law Offices of James D. Henderson, Jr.

_____
JAMES D. HENDERSON, SR.
Counsel for Richard Bari Sklar

DATED: _____

_____
RICHARD BARI SKLAR

DATED: \_\_\_\_April 17, 2018\_\_\_\_

DAYLE ELIESON
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: _____